CHEMICAL NAT. BANK v. COLWELL et al.

(*Common Pleas of New York City and County, General Term.* February 10, 1890.)

1. CORPORATIONS—OFFICERS—RESIGNATION.
    Declarations by a director of a business corporation to the secretary and treasurer of the company, at the time of assigning his stock to the treasurer individually, that he severed all connection with the company, and would have nothing more to do with it, unaccompanied by a request that his resignation be communicated to the board of directors, are insufficient to constitute a resignation.

2. SAME—TRANSFER OF STOCK.
    Evidence that the director, after assigning his stock, consented to take back a new certificate of the requisite number of shares to entitle him to remain a director, on the suggestion that it would be bad policy for him to leave the company entirely, justifies the inference that he concluded to remain a director.

Appeal from trial term.

Action by the Chemical National Bank of New York against Augustus W. Colwell and others, as directors of the New York Lumber Auction Company,.

Limited, to recover the amount of a promissory note of the company. From a judgment entered on a verdict for defendant, and an order denying plaintiff's motion for a new trial, plaintiff appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Jones & Roosevelt,* for appellant.   *J. Alfred Davenport,* for respondents.

BISCHOFF, J.  The New York Lumber Auction Company, Limited, on July 2, 1886, issued its promissory note for $2,200, payable October 9, 1886. At maturity the note remained unpaid; and, the directors of the company having neglected to file the annual report for the year 1886, plaintiff brought this action to recover the amount of the note from them personally. The defendant claimed to have resigned as such director before January 1, 1886. On the trial, it appeared that one Latimer E. Jones was also a director, and the secretary and treasurer, of the company, and a brother-in-law of the defendant Colwell. On November 5, 1885, Colwell was the owner of a certificate for 80 shares of the capital stock of the New York Lumber Auction Company, Limited, which he then transferred and delivered to Jones; and on November 15th of the same year, Jones having surrendered the same to the company, two new certificates were issued,—one for 75 shares to Jones, and the other for 5 shares to Colwell, which the latter accepted. Colwell says that prior to November 5, 1885, he had discussed his intention of resigning as director with Jones, and that the object of the transfer of the certificate for 80 shares was to sever all connections with the company, and that at the time of such transfer he said to Jones: "There! this severs all my connection with the Lumber Auction Company, Limited, and I have nothing further to do with it." He admits that, excepting the transfer of the stock and the statement at the time to Jones, no steps whatever were taken by him to perfect his resignation as such director, and, specifically, that he did not request Jones to communicate the fact of such resignation to any of the directors, or to the board of directors, of the company. The learned chief justice before whom this case was tried charged the jury as follows: "I charge you that if you believe that this defendant intended to resign, did resign, or took such steps as to convince you that he did resign, and sever all connection with that company, then, of course, if he was not a member of it, he ceased to be liable for any debts that accrued after such resignation. The mere telling another that he had resigned, or merely that he wished to resign, would not be sufficient. There must be a deliberate intention and a deliberate act on his part from which you are to infer that his connection with that company had already been severed; and, if you believe that it had, that ends the controversy." Plaintiff's counsel thereupon requested the court to charge that if there was no written resignation by Colwell to the company, or one of its officers, or any resignation by him at a meeting of the board of directors, the jury must find for the plaintiff; also, that if what Colwell said and did in reference to his resignation was not communicated to the board of directors of the New York Lumber Auction Company, Limited, such resignation never took effect, and that to make such resignation effective it must be shown to have been brought home to the company. All of these requests were denied, and plaintiff's counsel duly excepted. The jury having thereupon found for the defendant, plaintiff moved, on the minutes and exceptions taken, that the verdict be set aside as being contrary to law and the evidence, which motion was denied, and to which ruling plaintiff's counsel also duly excepted.

The case of *Bank* v. *Colwell, ante,* 285, was a case between the same parties, and came up for review by the same general term, on appeal from a judgment in favor of plaintiff entered upon a verdict by direction of the court. The facts relied upon in that case as establishing the resignation of the defendant Colwell as director of the New York Lumber Auction Company, Limited, were in all respects similar to those relied on in the present case; and the

chief justice, writing the opinion in affirmance of the judgment, and sustaining the ruling of the trial judge, says: "Granting that the right of a director to resign is absolute, and admitting that no writing and no particular form of words is essential, it is nevertheless true that any communication, in order to constitute a valid resignation, must express a definite and present intention to withdraw from the office in question, and must be addressed to the company, or the board of directors, or to an officer, as such, with the explicit purpose of having it reach the company or board of directors through him. I do not think the facts relied on to establish a resignation here are as strong as they were in *Kindberg* v. *Mudgett*, 24 Wkly. Dig. 229. In that case, it appeared that the defendant had stated orally to several trustees that he would have nothing more to do with the company, besides writing a note to that effect to one of them. Yet, even under those circumstances, the court held that defendant's declaration could not be construed as a resignation." A careful examination of the evidence in the present case in support of the alleged resignation of the defendant Colwell as a director fails to show any fact in addition to those presented in the case cited; and for the same reasons, therefore, for which the action of the trial judge in directing a verdict for the plaintiff in that case was sustained, the learned chief justice must be held to have erred in submitting the wholly uncontroverted facts as to such alleged resignation to the jury, in the present case, and in refusing to charge as requested by plaintiff, and denying plaintiff's motion to set the verdict aside.

Judgment reversed; new trial ordered; costs to abide event.